UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRUCE WILLIAMS,
    Petitioner,

vs.                                                 Case No.:  3:21cv185/LAC/EMT

SEC'Y FLA. DEP'T OF CORR.,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

This cause is before the court on Respondent's motion to dismiss Petitioner's federal habeas petition as untimely (ECF No. 9). Respondent submitted relevant portions of the state court record (ECF Nos. 9–1 through 9-17). Petitioner responded in opposition to the motion to dismiss (ECF No. 11).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of the issues presented by the parties, and the state court record, it is the opinion of the undersigned that the pleadings and attachments before the court show that the habeas petition is untimely. Therefore, Respondent's motion to dismiss should be granted.

I.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background are established by the state court record (*see* ECF Nos. 9-1 through 9-17).[1]  Petitioner Bruce Williams (Williams) was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2015-CF-3171, with four counts of robbery armed with a firearm while wearing a mask (Counts 1–4) and two counts of aggravated assault by threat with a firearm (Counts 5–6) (ECF No. 9-3 (amended information)).  A jury found Williams guilty as charged on all counts (ECF No. 9-4 (verdict); ECF Nos. 9-5 through 9-7 (transcripts of jury selection and jury trial)).  The state court sentenced Williams as a prison releasee reoffender to concurrent terms of life in prison on Counts 1 through 4, and concurrent terms of five years in prison on Counts 5 and 6, to run concurrently with the life sentences (ECF No. 9-8 (judgment and sentence)).

Williams appealed the judgment and sentence to the Florida First District Court of Appeal ("First DCA"), Case No. 1D17-0149 (*see* ECF No. 9-10 (Williams' initial brief); ECF No. 9-11 (State's answer brief)).  The First DCA affirmed the judgment and sentences per curiam on March 22, 2018 (ECF No. 9-12 (opinion)).  *Williams v. State*, 241 So. 3d 958 (Fla. 1st DCA 2018).  The mandate issued April

---

[1] The court refers to the document numbers and page numbers automatically assigned by the court's electronic filing system.

Case No.:  3:21cv185/LAC/EMT

19, 2018 (*see id.* (mandate)). Nearly one year later, on March 11, 2019, Williams filed a belated petition for discretionary review (ECF No. 9-13 at 2 (Florida Supreme Court docket), 3–4 ("Motion to Reinstate Notice to Invoke Discretionary Jurisdiction")). The Florida Supreme Court assigned Case No. SC19-440 (*see id.* at 2 (Florida Supreme Court docket)). On June 26, 2019, the Florida Supreme Court dismissed the belated petition for review, pursuant to Williams' notice of voluntary dismissal (*see id.* at 10 (order)). *Williams v. State*, No. SC19-440, 2019 WL 2607433, at *1 (Fla. June 26, 2019).

On June 17, 2019, Williams filed a motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (ECF No. 9-15 at 2–21 (motion)). Williams subsequently filed an amended Rule 3.850 motion and a second amended motion (*id.* at 23–43 (amended motion), 45–65 (second amended motion)). The circuit court summarily denied Williams' post-conviction motion in an order rendered on September 6, 2019 (ECF No. 9-16 (order)). Williams appealed the decision to the First DCA, Case No. 1D19-3781 (*see* ECF No. 9-17 (opinion and mandate)). The First DCA affirmed the lower court's decision on July 31, 2020 (*see id.* (opinion)). *Williams v. State*, 299 So. 3d

626 (Fla. 1st DCA 2019) (Mem). The mandate issued August 28, 2020 (*see id.* (mandate)).

Williams filed his initial § 2254 petition on January 29, 2021 (ECF No. 1).

II.   DISCUSSION

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period. *See* 28 U.S.C. § 2244(d)(2).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment, pursuant to § 2244(d)(1)(A) (*see* ECF No. 9 at 4). Williams has not alleged or shown that a different statutory trigger applies.

Williams' judgment of conviction becomes final, for purposes of § 2244(d)(1)(A), upon expiration of the 90-day period in which he could seek direct review of his conviction in the United States Supreme Court. The 90-day period runs from the date of entry of the judgment sought to be reviewed. *See* U.S. Sup. Ct. Rule 13; *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006). Calculating the finality date in Williams' case, the 90-day period for seeking certiorari review in the Supreme Court was triggered by the First DCA's affirmance in the direct appeal, on March 22, 2018, and it expired ninety days later, on June 20, 2018. The federal limitations period commenced the next day, on June 22, 2018.[2]

---

[2] Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also*

The limitations period ran untolled for **360 days**, until June 17, 2019, when Williams filed a tolling post-conviction application in the state courts, i.e., his Rule 3.850 motion.³ Williams' Rule 3.850 was pending until August 28, 2020, when the First DCA issued the mandate in the post-conviction appeal. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2020) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court). The federal limitations period recommenced the next day on August 29, 2020, and expired **5 days** later, on September 3, 2020 (**360 days + 5 days = 365 days**).

Williams filed his § 2254 petition on January 29, 2021, which was after the limitations period expired. His petition was thus untimely.

Williams contends he is entitled to review of his untimely petition because the state criminal judgment is void for lack of subject matter jurisdiction, and the federal

---

*Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

³ As noted in the procedural history, on March 11, 2019, Williams filed a belated petition for discretionary review in the Florida Supreme Court. Because the petition was not granted, it did not extend the finality date of Williams' judgment. Further, it did not qualify as an "application for State . . . collateral review" within the meaning of § 2244(d)(2), and thus did not toll the federal limitation period. *See Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1140–41 (11th Cir. 2015). Even if the belated petition for review tolled the federal limitations period during the time it was pending (March 11, 2019 through June 26, 2019, or 108 days), it would not save Williams' federal petition from dismissal as untimely.

statute of limitations does not apply to a void judgment (*see* ECF No. 1 at 18–19; ECF No. 2; ECF No. 11). Williams' jurisdictional argument is based upon his contention that the state circuit court did not have subjection matter jurisdiction over his criminal case, because only the United States Supreme Court has original subject matter jurisdiction over cases where the plaintiff is a State (*id.*).

The legal authority cited by *Williams* (*see* ECF Nos. 2, 11) does not support either his jurisdictional argument or his contention that the federal habeas limitations period of § 2244(d)(1) does not apply to petitions alleging jurisdictional defects in the state trial court. In fact, federal courts in this Circuit have dismissed as untimely § 2254 petitions filed outside the one-year limitations period, even though the petitioners challenged the state trial courts' jurisdiction to convict and sentence them. *See, e.g., Jones v. Warden*, 683 F. App'x 799, 810 (11th Cir. 2017) (holding that petitioner's claim that the state trial court lacked jurisdiction to convict him presented, as most, a claim of legal innocence, not factual innocence, and did not excuse his failure to file his federal habeas petition within the limitations period) (unpublished but cited as persuasive authority); *Justo v. Culliver*, 317 F. App'x 878 (11th Cir. 2008) (petitioner's claim that an alleged deficiency in the charging document deprived the state court of jurisdiction to convict him was a claim of legal

insufficiency, which did not qualify as an exception to federal time bar); *Motes v. Fla. Dep't of Corr. Sec'y*, No. 3:16cv468/MCR/EMT, 2017 WL 7053990, at *3 (N.D. Fla. Sept. 6, 2017) (petitioner's claim that state trial court lacked subject matter jurisdiction to convict and sentence him did provide an exception to the federal time bar), *report and recommendation adopted*, 2018 WL 564857 (N.D. Fla. Jan. 25, 2018); *Williams v. Jeter*, No. 3:12cv387/MW/EMT, 2013 WL 5496790, at *6 (N.D. Fla. Oct. 2, 2013) (same); *Joseph v. Tucker*, No. 4:12cv119/SPM/CAS, 2012 WL 5381513, at *1 (N.D. Fla. Nov. 1, 2012) (dismissing petition as untimely and finding, "There is no exception to the § 2254 time limitation for claims raising challenges to the state court's subject matter jurisdiction.").

III. CONCLUSION

Williams' federal habeas petition was not filed within the one-year statutory limitations period set forth in § 2244(d), and he has not demonstrated he is entitled to review of his untimely petition through any recognized exception to the time bar. Therefore, Respondent's motion to dismiss should be granted, and the habeas petition dismissed with prejudice as untimely.

IV. CERTIFICATE OF APPEALABILITY

Case No.: 3:21cv185/LAC/EMT

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, — U.S.—, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.   That Respondent's motion to dismiss (ECF No. 9) be **GRANTED**; and the petition for writ of habeas corpus (ECF No. 1) be **DISMISSED with prejudice** as untimely.

2.   That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 2nd day of July 2021.

>   /s/ *Elizabeth M. Timothy*
>   **ELIZABETH M. TIMOTHY**
>   **CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and

Case No.:  3:21cv185/LAC/EMT

**recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**